Scribner, J.
This is a proceeding which comes into this court by way of appeal from a judgment rendered therein by the court of common pleas.
On the 22nd day of January, 1877, one Benjamin Kniffin, then in full health, and a resident of Huron county, executed in due form his last will and testament. At that date he *754 was the owner of a large body of real estate situated in Huron county, as well as a considerable personal property. He left surviving him several children, perhaps five in number. He died July 12, 1877. His will was admitted to probate on the 30th of July, 1877. By that will, which appears to have been very carefully prepared, the testator disposes of a large body, if not the whole of his large estate. The clause material to be considered in disposing of the principal question here presented is as follows: “To my son, Charles B. Kniffin, I do further give, bequeath and devise for, and during the time of his natural life, the entire use, benefit, custody and control of 133 1-3 acres of land situated in my said old farm, consisting of 400 acres of land situated east of and adjoining said last before .mentioned 133 1-3 acres of land; incase my said son, Charles B. Kniffin, shall have lawful heirs of his body begotten, then and in that case, I do give and devise the said land to him in fee simple; and in case my said son, Charles B. Kuiffin, shall die having no lawful heirs of his body begotten, then, and in that case, in all respects subject to his having the use and benefit of the same during his life time as aforesaid, I do give and devise the said land to all my grandchildren living at the death of my said son Charles B. Kniffin, which shall be children of my children now living, to be equally divided amongst them.”
Charles B. Kniffin died on the 4th of August, 1893, without issue, and according to the express terms of that, portion of the will which I have just read, Charles B. Kniffin never having bad lawful heirs of his body begotten, the said tract of 133 1-3 acres of land passed, by the terms of his will, to his grandchildren living at the death of his said son, Charles B. Kniffin,“which shall be children of my children now living, to be equally divided amongst them.”
The present proceeding, as I have stated, is an action in partition brought by Arminda C. Kniffin against Josephine C. Schaffer, Benjamin F. Kniffin, Junior, aged 20 years, Harry W. Kniffin, aged 18 years, Alta Kniffin, aged 16 years, Clarence Ingersol, aged 19 years, Florence Ingersol, aged 17 years, Bengamin K. Kryster and George Kniffin, defendants. These nine persons, it is alleged by the plaintiff, constitute the grandchildren of the deceased testator, living at the death of the said Charles B. Kniffin, and they are the children, as it is alleged upon the part of the plaintiff, of the children of the testator living at the date of the execution of the will. No question is made but what these nine *755 persons named in the petition are the childern of the children of the testator who were living at the date of the execution of the will; but as to five of these parties, including the plaintiff, Arminda C. Kniffin, it is insisted upon the part of the remaining four that they do not come within the terms of the will, for this reason: Their father, Benjamin F. Kniffin, who was named as one of the devisees of the will, and as one of the executors of it, lived and co-habited with the mother of these children for many years before there was any actual, lawful marriage. They were married on the 9th of May, 1876, in the state of Michigan. The youngest of the five children was born March 11, 1877, some ten months or thereabouts after the marriage, which is proved to have taken place in the state of Michigan. The other four children were born before marriage, and, therefore, out of lawful wedlock. But the marriage having taken place in due form, as is shown by undisputed testimony in the case, the question arises, under the statute, as to "whether or not they are within the terms of the devise.
Section 4175 of the statute provides as follows: “Where a man has by a woman one or more children, and afterwards intermarries with her. such issue, if acknowledged by him as his child or children, shall be deemed legitimate; and the issue of parents whose marriage is deemed null in law, shall, nevertheless, be legitimate."’
There can be no question but that all these children were acknowledged by Benjamin F. Kniffin, their father. The man and the woman lived and cohabited as husband and wife. They lived for some time in Huron county, where one child was born. They lived for years thereafter in Williams county where the remaining four children were born. They lived and were treated and apparently regarded as of one family, as is ordinarily the case when a man and woman have been duly married, the father reconizing the children as his own and treated them in all respects as if born in lawful wedlock.
It is insisted, upon the part of the four grandchildren whose legitimacy is unquestioned — the four parties here, that the marriage of the father and mother of the five children of Benjamin F. Kniffin, does not entitle them to come into the benefits arising under clause 12, of the will.
It will be remembered in this connection, that the marriage occurred before the date of the will, necessarily, therefore, long before the death of the testator. It does not appear whether or not the testator had knowledge of this *756 marriage. It may be a matter of considerable doubt as to whether he did have that knowledge, for it appears from the direct testimony of several of the family that Benjamin ICniffin that they had no such -knowledge until after the commencement of this proceeding; but whether or not the testator had this knowledge we do not deem very material. We must look to the terms of the will to ascertain what shall be the proper effect given to it. 1 repeat, the language of thó statute is: “When a man has by a woman one or more children, and afterwards inter-marries with her, such issue, if acknowledged by him, as his child or children, shall be deemed legitimate. ” What meaning is to be attached, by these terms, if they are to be deemed legitimate? They are precisely as if the marriage had occurred before their birth. There can be no distinction taken, unless we, in some manner treat the statute as not meaning what it purports to mean. There can be no question about it in our minds, but that these children are in all respects to be regarded precisely as if this marriage had occurred before their birth, instead of after.
A case arose a number of years ago in Knox county, under what is now made the concluding sentence of this section: “The issue of parents whose marriage is deemed null in law, shall, nevertheless, be legitimate.”
In disposing of the case,reported in the case of Wright v. Lore, 12 Ohio St. 619, the court says, according to the note appended to this section: “W. was married in Canada in -1822, and the issue of that marriage was the plaintiff. In 1838, his wife still living, he came to Ohio and married another woman, she being ignorant of his former marriage. They co-habited together as husband and wife, and had issue, four children. W. died in 1843, seized of the land in dispute, and these four children conveyed their interest to the defendant. The act of 1831 was substantially the same as the section to which this note is appended. Held, that the expression,‘deemed null in law’ is not confined to marriages which are voidable and require judicial sentence to establish their nullity, but that the innocent children of the marriage de facto, although that matter must be deemed in Jaw a nullity, come within the letter and spirit of the enactment. ”
In this case, if any one is to suffer, it must be the children of this marriage, who were utterly innocent of any wrongdoing, or any violation either of the law or those rules which should govern a well ordered community. The children are not at fault for any wrong or mistake of their parents.
L. D. Strutton, for Plaintiff and the other children of B. F. Kniffin.
Stewart & Rowley, for other Defendants.
The law seeks to relieve the children from the consequences that would otherwise attach to the metricioua aciton of the kind shown in this case.
We have no doubt, in conclusion, that the five children, not only the child that was born after the marriage, but the four children who were born before the marriage are to be considered in a proceeding of this character, just as much the legitimate children of this marriage which subsequently took place, as if the marriage ceremony had occurred prior to the birth of the children. It follows therefore, from these facts and considerations, that the plaintiff is entitled to partition of the 188 1-8 acres of land as prayed for in the petition, and the order will be accordingly. The court will see that the proper commissioners are selected and the proper entry made.